COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHAEL STEWART, | § | |
| | | No. 08-10-00322-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 144th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Bexar County, Texas |
| | § | |
| Appellee. | | (TC# 2008-CR-0215) |
| | § | |

O P I N I O N

Appellant Michael Stewart was indicted for burglary of a building with intent to commit theft. He filed a motion to suppress evidence which was denied by the trial court. Appellant then entered a plea of no contest to the charges and the trial court deferred further proceedings without entering a finding of guilt, and placed Appellant on 3 years of community supervision. Appellant argues that the trial court erred in denying his motion to suppress evidence because the arresting officer did not have probable cause to initiate a search of Appellant's vehicle.

*Background*

At that time of the events giving rise to this cause, San Antonio Police Officer Mark Duke was aware of a burglary problem in his district. Officer Duke also knew that in some of those burglaries, the burglar would select a strip mall and target a business that had a vacant, non-alarmed suite adjacent to the target. The burglar would break into the vacant suite, cut a hole in the sheet rock and then enter and burglarize the target business through the hole. One of the businesses which had been previously burglarized had a surveillance video which depicted a

1

truck involved in the burglary.  Officer Duke began looking for that vehicle.

While on patrol October 14, 2007, Officer Duke noticed a pick-up truck which he recognized as the one involved the prior burglaries.  He also noticed that the vehicle did not have a front license plate and that the rear license plate light was not functioning.  Officer Duke also noticed several boxes in the bed of the pick-up truck which appeared to be new and unopened.  As a result of his observations, Officer Duke initiated a traffic stop on the vehicle.

As he approached the vehicle, Officer Duke saw that the boxes in plain view in the bed of the pick-up truck had shipping labels which were fairly visible and which had an address on Arion Parkway.  During the course of the stop, Officer Duke asked Appellant where the boxes came from, and Appellant replied that he had them for a job he had to do or he was taking them to storage.  While he was speaking with Appellant, Officer Duke noticed that Appellant appeared nervous.  He also noticed that there was sheetrock dust on both Appellant and his pick-up truck.  Officer Duke instructed Appellant to remain in his vehicle while he investigated further.

Because of his knowledge of the prior burglaries and the manner in which they had been conducted, Officer Duke requested that another officer be dispatched to the address on the shipping labels to check the location.  Officer Robert Wilson initially indicated that the address on the shipping labels was secure, but on closer inspection, discovered that a vacant suite next door had been broken into and a hole cut into the sheetrock between the suites to gain entrance to the business reflected on the shipping labels on the boxes in Appellant's vehicle.  At that time, Appellant was placed under arrest.

Officer Duke testified that under normal circumstances, a traffic stop of this nature would last between five and ten minutes.  Here, the time between the initial stop and the moment when Appellant was placed under arrest encompassed approximately thirty-six minutes.

2

The trial court denied Appellant's Motion to Suppress. Appellant then entered a plea of no contest to the charges and the trial court deferred further proceedings without entering a finding of guilt, and placed Appellant on three years of community supervision. Appellant appeals the denial of his motion to suppress evidence.

*Standard of Review*

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007); *Amador v. State,* 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We do not engage in our own factual review as the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *Amador v. State*, 275 S.W.3d 872, 878 (Tex.Crim.App. 2009); *Wiede v. State*, 214 S.W.3d 17, 24-5 (Tex.Crim.App. 2007). Rather, we give almost total deference to a trial court's determination of historical facts, particularly when the trial court's findings are based on an evaluation of credibility and demeanor. *St. George*, 237 S.W.3d at 725*; Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The same deference is afforded a trial court's rulings on application-of-law-to-fact questions. *Guzman*, 955 S.W.2d at 89. However, we review *de novo* the application of legal principles to a specific set of facts, including the trial court's determination of reasonable suspicion and probable cause. *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008); *Guzman*, 955 S.W.2d at 87. When, as in this case, the trial court has not made specific findings of fact, we must view the evidence in the light most favorable to the trial court's ruling. *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex.Crim.App. 2008); *Neal v. State*, 256 S.W.3d 264, 281 (Tex.Crim.App. 2008); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006); *Torres v. State*, 182 S.W.3d 899, 902 (Tex.Crim.App. 2005). When the record is silent on the reasons for the trial court's ruling on a motion to suppress, we

imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports these implied fact findings. *Kelly*, 204 S.W.3d at 818-19. A court's ruling regarding a motion to suppress will be upheld if the decision made was based on any correct theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000).

Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man as believing that the person arrested had committed or was committing an offense. *Beck v. State of Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); *see Parker v. State*, 206 S.W.3d 593, 596 (Tex.Crim.App. 2006). "An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him an awareness of its occurrence." *State v. Steelman*, 93 S.W.3d 102, 107 (Tex.Crim.App. 2002). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 800, 157 L.Ed.2d 769 (2003); Beck, 379 U.S. at 96-7, 85 S.Ct. at 228; Amador, 275 S.W.3d at 878. A finding of probable cause requires "more than bare suspicion" but "less than . . . would justify . . . conviction." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

*Application*

Based upon long-standing precedent, we agree with the trial court that the facts and circumstances presented here, when viewed together, were sufficient to establish probable cause

to stop Appellant's vehicle for a traffic violation. We find that Officer Duke had probable cause to stop Appellant's vehicle in light of Officer Duke's observation of a missing front license plate and a non-functional rear license plate light.[1] We further find that during the course of the traffic stop, Officer Duke developed a reasonable suspicion that Appellant had committed another crime, specifically, burglary of a building, sufficient to justify Appellant's continued detention for purposes of additional investigation. During an investigative detention, an officer is authorized to temporarily detain an individual for investigative purposes when the officer has reasonable suspicion that the individual could be involved in some type of criminal activity. *See Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). Investigative detentions are justified when, after considering the totality of the situation, the detaining officer has specific articulable facts which, when taken together with rational inferences from those facts, lead him to determine that the person detained actually is, has been, or soon will be engaged in criminal activity. *Balentine*, 71 S.W.3d at 768.

Finally, the information gleaned during the course of the traffic stop, including: (1) the boxes and shipping labels in plain view in the bed of Appellant's pick-up truck; (2) Appellant's nervousness and difficulty in answering the officer's questions about the boxes; (3) the sheetrock dust on Appellant and his vehicle; (4) the officer's knowledge of the burglaries in his district and the manner in which those burglaries had been previously conducted; (5) the similarities between Appellant's vehicle and the vehicle used in a prior burglary; and (6) the fact that a business on Arion Parkway had been recently burglarized and boxes from that same address were in Appellant's vehicle, constituted sufficient probable cause to justify the arrest of Appellant without a warrant for the offense of burglary of a building.

In light of the testimony offered at the hearing on the motion to suppress, and given our

---

[1] *See* TEX.TRANSP.CODE ANN. § 502.404(a)(West Supp. 2011).

deference to the trial court's findings, it is clear that the trial court resolved any discrepancies in the testimony in favor of Officer Duke. *See St. George*, 237 S.W.3d at 725*; Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Viewing the evidence in the light most favorable to the trial court's ruling, we hold that the court did not err in denying Appellant's motion to suppress evidence. *See Iduarte*, 268 S.W.3d at 548.

## Conclusion

The judgment of the trial court is affirmed.

January 4, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)